IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH SCOTT,)
    Petitioner,)    Civil Action No. 1:12-cv-254
)
v.)    Chief District Judge Sean J. McLaughlin
)    Magistrate Judge Susan Paradise Baxter
SUPT. SUARES, et al.,)
    Respondents.)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Before the Court is a petition for a writ of habeas corpus [ECF No. 1] filed pursuant to 28 U.S.C. § 2254 by state prisoner Joseph Scott. He is challenging the decision made on March 22, 2012, by the Pennsylvania Board of Probation and Parole (the "Board" or "Parole Board") that recommitted him to a state correctional institution as a convicted and technical parole violator and set his parole violation maximum sentence date at September 21, 2019. As relief, he seeks an order from this Court that invalidates the extension of his maximum sentence date (which had been November 13, 2009) and directs that he be released from custody.

    **A.    Relevant Background**

In 1991, the Court of Common Pleas of Delaware County imposed an aggregate term of 9-18 years' imprisonment upon the Petitioner for robbery and related offenses. On February 4, 2002, he was paroled by the Board. At that time, his controlling maximum sentence date was November 13, 2009.

1

Within a few months, the Petitioner had violated the terms of his parole. He admits that he fled Pennsylvania to avoid revocation proceedings and a warrant that was issued for his arrest. [Petition, ECF No. 1 at 18]. He continued to commit crimes and was convicted of new offenses in both Colorado and Arizona. On or around November 15, 2002, while he was incarcerated in Colorado, the Parole Board lodged a fugitive warrant/detainer with the Colorado Department of Corrections. [Pet's Ex. 2, ECF No. 1 at 44]. An Arizona sheriff's office also had lodged a detainer against the Petitioner while he was in Colorado [Pet's Ex. 1, ECF No. 1 at 37], and he was extradited from Colorado to Arizona to face charges there. On or around October 27, 2003, an Arizona state court sentenced him to a 10 year term of imprisonment. [Petition, ECF No. 1 at 19].

The Petitioner eventually was returned to a Pennsylvania state correctional institution on December 18, 2011. Several weeks beforehand, on or around October 31, 2011, he filed with the Court of Common Pleas of Delaware County a document he entitled a petition for a writ of habeas corpus. He challenged the validity of the Parole Board's detainer and asked the court to order that the he could not be detained pursuant to it. [ECF NO. 9 at 8-9]. The Court of Common Pleas construed the petition as one for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* and appointed counsel to represent the Petitioner. [Pet's Ex. 5, ECF No. 1 at 54]. That counsel subsequently filed a "no merit" letter and was granted permission to withdraw from the case. The Court of Common Pleas denied the PCRA motion on September 5, 2012. The Petitioner did not appeal that decision to the Superior Court of Pennsylvania. [District Attorney's Answer, ECF No. 9 at 2].

The Petitioner's parole revocation hearing was conducted on March 15, 2012. Several days later, on March 22, 2012, the Parole Board issued a decision in which it recommitted the Petitioner to nine months for the technical parole violations of leaving the district without permission and failing to successfully complete the Gaudenzia House Program, and 30 months for committing the offenses of

2

theft and armed robbery. His parole maximum sentence date was recalculated to be September 21, 2019. [The Parole Board's Ex. E, ECF No. 15 at 24].

The Petitioner filed an administrative appeal of the Parole Board's March 22, 2012, decision. [The Parole Board's Ex. F, ECF No. 15 at 27-34]. On June 15, 2012, it denied the appeal, explaining:

> [Y]ou allege that your rights of due process were violated in some manner.
>
> The Board determined that sufficient evidence was presented at the March 15, 2012 violation hearing to recommit you for violations of your parole, specifically the new convictions of theft and armed robbery. You were afforded notice, an opportunity to be heard, a panel and your counsel was present. Therefore, there is no support for your claim of a due process violation merely because you are unsatisfied with the Board's decision.
>
> To the extent you challenge the Board's ability to issue a detainer and recommit you as a parole violator, the Board was within its authority to recommit you after you received official verification of your new convictions. 61 Pa.C.S. § 6138. You were recommitted as a convicted parole violator for committing the offense of theft and armed robbery in the State of Arizona in violation of your parole. Because the offense occurred while you were on parole, was punishable by imprisonment and resulted in convictions in a court of record, the Board had discretion to recommit you as a convicted parole violator. 61 Pa.C.S. § 6138(a)(1). The fact that the Board chose to recommit you to a state correctional institution in this instance as opposed to continuing you on parole is not grounds for relief because that decision is a matter of discretion. Moreover, since the Board chose to recommit you as a convicted parole violator, your original sentence had to be recalculated to reflect that you received no credit for the period you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). As such, the Board acted within its authority by recommitting you as a convicted parole violat[or] and recalculating your maximum sentence date to reflect that you received no credit for the time you were at liberty on parole.

[The Parole Board's Ex. G, ECF No. 15 at 36].

The Petitioner could have challenged the Board's decision to deny him administrative relief by filing an appeal with the Commonwealth Court of Pennsylvania. 42 Pa.C.S. § 763(a). He did not do so.

The Petitioner commenced the present action pursuant to 28 U.S.C. § 2254 by filing a petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania, which subsequently transferred it to this Court. He challenges the Parole Board's actions and seeks an order

3

from this Court that invalidates its March 22, 2012, Order to recommit him and the resulting recalculation of his maximum sentence date. He alleges that the Parole Board violated his due process rights for "restructuring" his original sentence, by recommitting him as a parole violator, and by lodging the fugitive warrant/detainer against him "without affording [him] his pre-existing rights[.]" He also claims that the Parole Board lacked jurisdiction to recommit him and that the Court of Common Pleas violated his due process and equal protection rights by converting his state habeas petition to a PCRA petition. [Petition, ECF No. 1 at 22-23].

The District Attorney's Office of Delaware County and the Parole Board each have filed answers to the petition. [ECF Nos. 9 and 15]. They argue, *inter alia*, that the Petitioner's claims must be denied as procedurally defaulted because he failed to exhaust them in state court. The Petitioner did not file a reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply … within 30 days of the date the respondent files its Answer.").

### B. Discussion

The Respondents are correct that the Petitioner's claims must be denied because he failed to exhaust them in state court. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which

4

> "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

To properly exhaust a federal constitutional claim regarding the Parole Board's actions, a Pennsylvania prisoner must first seek administrative review with the Board itself, pursuant to 37 Pa. Code § 73.1. The Petitioner completed this first step. However, following the Parole Board's decision to deny his administrative appeal, he was required to seek review in the Commonwealth Court, 42 Pa.C.S. § 763(a), which he did not do. If the Commonwealth Court denied him relief, he then would have had to seek review in the Pennsylvania Supreme Court before he could raise his claims in a federal habeas petition. See Williams v. Wynder, 232 F.App'x 177, 180 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

As for the Petitioner's claim that the Court of Common Pleas erred in converting his state habeas petition into a PCRA petition, it is in actually one of alleged state law error, which is not cognizable in

5

federal habeas. 28 U.S.C. § 2254(a). See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Even if his federal constitutional rights were somehow impacted by that court's decision (any they were not), the Petitioner failed to exhaust those constitutional claims because he did not appeal that court's decision to deny his PCRA petition to the Superior Court.

In sum, this Court must conclude that the Petitioner he did not exhaust any of his federal habeas claims in state court. Because he did not, they are procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[1] The Petitioner points to no evidence that establishes cause for his default or prejudice stemming therefrom. He argues that he should be excused from the exhaustion requirement because the state corrective process is futile and there is no appropriate state

---

[1] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

remedies for him. [Petition, ECF No. 18-19]. This argument obviously has no merit, as he could have appealed the Parole Board's decision to the Commonwealth Court and the Court of Common Pleas' decision to the Superior Court.

Based upon all of the foregoing, all of the Petitioner's habeas claims should be denied because they are procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the petition should be denied because they are procedurally defaulted. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Petitioner must seek review by the district court by filing objections in accordance

with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

Dated: June 7, 2013

cc:      The Honorable Sean J. McLaughlin
          Chief United States District Judge